NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | **ORDER** |
| v. | : | Crim. No. 01-0744-2 (WHW) |
| JUAN CARLOS YSABEL, | : | |
| Defendant. | : | |

**<u>Walls, Senior District Judge</u>**

Defendant Juan Carlos Ysabel ("Ysabel") moves pro se for mittimus jail credit towards his federal sentence for time spent in custody in New Jersey state prison. The record establishes that: On March 30, 2003, Ysabel pled guilty to one count of conspiracy to distribute heroin. (March 30, 2003 Hr'g Transcript, pp. 6-23). On November 12, 2003, this Court sentenced Ysabel to the statutory minimum of 60 months with the sentence to begin on January 12, 2004 upon his voluntary surrender. (Nov. 30, 2003 Hr'g Transcript, pp. 18-20.) On December 17, 2003, before he could surrender to begin his federal sentence, Ysabel was arrested by the State of New Jersey. (Mot. for Mittimus Credit (No. 58) at 5) He was convicted by the New Jersey Superior Court of narcotics possession with intent to distribute near school property and sentenced to 60 months on September 14, 2004. (<u>Id.</u>) The state judgment indicated that Ysabel was to receive credit for time spent in custody (275 days) against his state sentence and that the state sentence was to run concurrently with the federal sentence. (<u>Id.</u>) On October 14, 2005,

**NOT FOR PUBLICATION**

Ysabel was released to the federal authorities to begin serving his federal sentence. (Mot. to Amend Judgment, Ex. A-1 (No. 56).)

Ysabel applied to the Bureau of Prisons for credit towards his federal sentence for the time he served in state custody. (Id.) The Bureau of Prisons denied his request for credit and also denied his request for retroactive or concurrent designation, finding that U.S. Sentencing Guidelines, § 5G1.3(a) "provide[s] for consecutive service of the sentence when state offenses are committed after federal sentencing, but prior to surrendering for service of the sentence." (Id.)

A defendant must be given credit toward the service of a term of imprisonment for any time he has spent in official detention before the date the sentence commences, (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence. 18 U.S.C. § 3585(b). In other words, a defendant is entitled to a credit only for time spent in official detention for the same offense for which he was imposed a federal sentence, that has not been credited against another sentence. Ysabel has presented no facts that his state sentence was imposed for the same offense for which he was sentenced by this Court. Although Ysabel makes much of this Court's letter to the Bureau of Prisons recommending a retroactive (concurrent) designation for his federal sentence, the Court is neither bound by this informal advice nor considers it relevant in reviewing the Bureau of Prisons' determination that Ysabel does not qualify for credit. Because the Court has found no reason to disturb the Bureau of Prisons' decision,

**NOT FOR PUBLICATION**

IT IS on this 12th Day of January 2009,

ORDERED that Defendant Ysabel's pro se motion for mittimus jail credit is DENIED.

s/ **William H. Walls**
United States Senior District Judge
